238 F.2d 38
 99 U.S.App.D.C. 177
 AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY AND
MOTOR COACH EMPLOYEES OF AMERICA, AFL, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent, Charleston
Transit Company, Intervenor.
 No. 12966.
 United States Court of Appeals District of Columbia Circuit.
 Argued June 14, 1956.
Decided Oct. 25, 1956.
 
 [99 U.S.App.D.C. 178] Mr. I. J. Gromfine, Washington, D.C., with whom Mr. Bernard Cushman, Washington, D.C., was on the brief, for petitioner.
 Mr Norton J. Come, Atty., N.L.R.B., with whom Mr. Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.R., was on the brief, for respondent.
 Mr. Howard R. Klostermeyer, Charleston, W. Va., with whom Messrs. Joseph W. Wyatt and Harry A. Inman, Washington, D.C., were on the brief, for intervenor.
 Before BAZELON, FAHY and BASTIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner-union filed charges of unfair labor practices against the intervenor-company, an operator of passenger buses in and around Charleston, West Virginia, alleging violation of Section 8(a)(1) of the National Labor Relations Act, as amended 61 Stat. 136, 29 U.S.C.A. § 151 et seq. The General Counsel of the National Labor Relations Board issued a complaint upon said charges in June 1953, but in November 1953 the trial examiner recommended dismissal thereof on the ground that intervenor was 'not engaged in commerce, or in activities affecting commerce, within the meaning of the Act.'[1]
 
 
 2
 In its Decision and Order of March 30, 1955, here under review, the Board found that intervenor's business was wholly local and amounted in gross to less than $3,000,000 per annum. Under the revised standards it has enunciated on October 26, 1954, in Greenwich Gas Company and Fuels, Inc., 110 N.L.R.B. 564, the Board would not assert jurisdiction in such a case. Accordingly, the complaint against intervenor was dismissed.
 
 
 3
 The petitioner's primary contention is that, although the Board has discretion to decline to assert jurisdiction conferred upon it by the Act, its declination of jurisdiction in this case was an abuse of that discretion. Vigorously denying this contention, the Board maintains that its new standards, pursuant to which it declined jurisdiction, will best effectuate the policies of the Act. It says, citing its decision in Breeding Transfer Co., 110 N.L.R.B. 493, 497, that the new standards 'were promulgated only after careful study of a 'very extended report analysis of hundreds of cases before the [99 U.S.App.D.C. 179] Board this year and of information available from other sources,' and after giving due consideration to:
 
 
 4
 all of the criteria spelled out by the Board in 1950, including (1) the problem of bringing the caseload of the Board down to manageable size, (2) the desirability of reducing an extraordinarily large caseload in order that we may give adequate attention to more important cases, (3) the relative importance to the national economy of essentially local enterprises as against those having a truly substantial impact on our economy, and (4) overall budgetary policies and limitations * * *."
 
 
 5
 Had the Board finally declined jurisdiction on the ground that the enlistment of its facilities and energies in this case would not effectuate the policies of the Act because the case did not involve a serious enough effect upon interstate commerce to justify assumption of jurisdiction, considering the total caseload of the Board, we would hesitate to disagree. In effectuating the policies of the Act the Board has a discretion not to exert jurisdiction to the limit of its power. National Labor Relations Board v. Denver Building Council, 1951, 341 U.S. 675, 684, 71 S.Ct. 943, 95 L.Ed. 1284. The Board recognizes however, that this discretion may not be controlled by standards which are arbitrarily fixed. See Breeding Transfer Company case, 110 N.L.R.B. at 495. Here the Board dismissed the complaint solely by reason of a standard established in the Greenwich Gas case, supra, that where a 'local' transit company's gross revenues fall below $3,000,000 it would decline jurisdiction. These criteria were applied to the present case after the issuance of the complaint and after the conclusion of the hearings before the trial examiner.[2] In these circumstances we think the union should have been heard on the validity of these standards as applied to this case. We need not pass upon the question whether, in cases arising subsequent to the adoption of the new jurisdictional rule, the standards used for declining jurisdiction could be said to be arbitrary.
 
 
 6
 The order of the Board will be set aside and the case remanded to the Board for further proceedings not inconsistent with this opinion.
 
 
 7
 It is so ordered.
 
 
 
 [1]
 The trial examiner relied upon the Board's decision in San Jose City Lines, Inc., 106 N.L.R.B. No. 201, issued after conclusion of the hearings before him in the present case
 
 
 [2]
 We are not concerned here with the bare refusal of the Board to issue a complaint, but with an order dismissing a complaint subsequent to hearing. Such an order we think is subject to review as to its correctness on the basis given for it in the decision of the Board accompanying its issuance