# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued February 25, 2019        Decided July 9, 2019

No. 18-1150

TEMPLE UNIVERSITY HOSPITAL, INC.,
PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT

TEMPLE ALLIED PROFESSIONALS, PENNSYLVANIA
ASSOCIATION OF STAFF NURSES AND ALLIED PROFESSIONALS,
INTERVENOR

———

Consolidated with 18-1164

———

On Petition for Review and Cross-Application
for Enforcement of an Order
of the National Labor Relations Board

———

*Shannon D. Farmer* argued the cause for petitioner. With her on the briefs were *Meredith Swartz Dante* and *Katherine J. Atkinson*. *Christopher T. Cognato* entered an appearance.

*Kellie Isbell*, Senior Attorney, National Labor Relations Board, argued the cause for respondent. With her on the brief were *Peter B. Robb*, General Counsel, *John W. Kyle*, Deputy

General Counsel, and *Julie Brock Broido*, Supervisory Attorney. *David S. Habenstreit*, Attorney, entered an appearance.

*Jonathan Walters* argued the cause for intervenor. With him on the brief was *Claiborne S. Newlin*.

Before: HENDERSON and TATEL, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* GINSBURG.

GINSBURG, *Senior Circuit Judge*: For more than 40 years, the labor relations of the petitioner, Temple University Hospital, were conducted under the jurisdiction of the Pennsylvania Labor Relations Board (PLRB). Since 2006 the Hospital has been in a collective bargaining relationship with Temple Allied Professionals, Pennsylvania Association of Staff Nurses and Allied Professionals (the Union), which represents a unit of its professional and technical employees. In 2015 the Union petitioned the National Labor Relations Board (NLRB) to assert jurisdiction over their relationship. Over the Hospital's objections, the NLRB asserted jurisdiction and certified the Union as the representative of a larger unit of employees. The Hospital, however, refused to bargain with the Union in order to contest the NLRB's jurisdiction and its certification of the bargaining unit.

The NLRB rejected the Hospital's various challenges, including its argument that the Union was judicially estopped from bringing a petition before the Board because the Union had argued in prior proceedings that the NLRB lacked statutory jurisdiction. Specifically, in denying the Hospital's request for review of this question, the NLRB assumed *arguendo* that the

doctrine of judicial estoppel applies in NLRB proceedings but, based upon its understanding of the Supreme Court's teaching in *New Hampshire v. Maine,* 532 U.S. 742 (2001), as applied to the facts of this case, deemed it inappropriate. We hold that the NLRB misapplied *New Hampshire v. Maine* and remand this case for it to consider whether judicial estoppel is available in NLRB proceedings and, if so, whether to invoke it.

## I. Background

The petitioner is an acute-care hospital located in Philadelphia, Pennsylvania. In 1910 it was acquired by Temple University — a private, "State-related university in the higher education system of the Commonwealth," Reg'l Dir.'s Decision and Direction of Election at 3 [hereinafter RD Dec.], quoting the Temple University-Commonwealth Act, 1965 Pa. Laws 843, 843 — and became an unincorporated division of the University. In 1995 the Hospital became a separate nonprofit corporation, of which the sole shareholder is Temple University Health System, which was created by the University to hold its healthcare-related assets. Although the University and the Hospital are separate corporate entities and separate employers for the purpose of collective bargaining, there remain close operational ties between them.

In 2005 the Union filed a petition with the PLRB seeking to represent an already-certified bargaining unit of professional and technical employees at the Hospital (hereinafter technical-professional unit). *In re the Employees of Temple University Health System*, 39 PPER ¶ 49, Case No. PERA-R-05-498-E (PLRB Apr. 21, 2006). During those proceedings, the incumbent union, the Professional and Technical Employees Association, argued the NLRB had jurisdiction over the Hospital, *id.*, which would preempt the jurisdiction of the state labor board, *see San Diego Building Trades Council v.*

4

*Garmon*, 359 U.S. 236, 246 (1959). The Union, of course, contended the PLRB properly had jurisdiction. The PLRB concluded it had jurisdiction over the Hospital and held the previously certified unit was appropriate for collective bargaining. 39 PPER ¶ 49. The PLRB then conducted an election; the Union prevailed and has represented the unit ever since.

The Union has stipulated that "since 2005, any and all petitions for representation, requests for certification, petitions for unit clarification, petitions for amendment [or] clarification and charges of unfair labor practices have all been filed by [the Union] with the Pennsylvania Labor Relations Board." During that time, the Union filed no fewer than 21 unfair labor practice charges, including one for which the Union filed its post-hearing brief as recently as February 2015. *See Pennsylvania Association of Staff Nurses and Allied Professionals v. Temple University Health System*, 48 PPER ¶ 54, Case No. PERA-C-14-259-E (PLRB Nov. 30, 2016). The Union has further stipulated that, "in each instance in which a petition or charge was filed, [the Union] alleged that … Temple University Hospital … was a public employer within the meaning of Section 301(1) of PERA," that is, the orthographically peculiar Pennsylvania Public Employe Relations Act. As relevant here, the PERA excludes from the definition of "public employer" any "employer[] covered or presently subject to coverage under … the 'National Labor Relations Act.'" 43 Pa. Stat. Ann. § 1101.301(1).

Nonetheless, in October 2015, when the Union wanted to add a group of unrepresented employees to the existing technical-professional unit, it sought the approval of the NLRB rather than that of the PLRB. The Union had notified the Hospital of this change, explaining that it anticipated the Supreme Court's impending decision in *Friedrichs v.*

*California Teachers Ass'n*, 136 S. Ct. 1083 (2016), would be unfavorable to its interests.  The Hospital objected; it argued the NLRB should dismiss the petition on the grounds that (1) the Union is judicially estopped from invoking the jurisdiction of the NLRB; (2) the Hospital is a "political subdivision" of Pennsylvania and therefore is not subject to the jurisdiction of the NLRB, *see* 29 U.S.C § 152(2); and (3) due to the close ties between the Hospital and the University, the NLRB should exercise its discretion to decline jurisdiction over the Hospital.[*] The Hospital further urged the NLRB not to "grant comity" to the PLRB's certification of the technical-professional unit, and instead to determine for itself whether the unit is "appropriate for the purposes of collective bargaining" under the National Labor Relations Act (NLRA).  *See* 29 U.S.C. § 159(b).

An Acting Regional Director of the NLRB conducted a hearing, after which he rejected all the Hospital's jurisdictional challenges and granted comity to the PLRB's certification of the bargaining unit; he therefore directed an election among the petitioned-for employees.  The Union won the election and the Acting Regional Director certified it as the collective-bargaining representative of the newly expanded technical-professional unit.

Upon the Hospital's request for review of the Acting Regional Director's decision, the NLRB agreed to review only two questions: (1) whether it should exercise its discretion to

---

[*] Even if an employer comes within the statutory jurisdiction of the NLRB, the Board may exercise its discretion not to assert jurisdiction.  *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emp. of Am., AFL v. NLRB*, 238 F.2d 38, 40 (D.C. Cir. 1956) (citing *NLRB v. Denver Bldg. & Const. Trades Council*, 341 U.S. 675, 684 (1951)).  In 1972 the NLRB had declined to exercise jurisdiction over the University.  *Temple University*, 194 NLRB 1160, 1161 (1972).

decline jurisdiction over the Hospital and, if not, then (2) whether it should extend comity to the PLRB's certification of the technical-professional unit; over the dissent of Member Miscimarra, it denied the request for review as to the other issues the Hospital had raised, including whether the Union should be judicially estopped from petitioning the NLRB. NLRB Order Granting Review in Part and Invitation to File Briefs at 1. In a footnote explaining its refusal to revisit the issue of judicial estoppel, the Board said it was "assuming arguendo that the doctrine of judicial estoppel … applies in Board proceedings" and then went on to "affirm the Acting Regional Director's conclusion" that judicial estoppel was not appropriate in this case. *Id.* at 2 n.2. Then, in December 2017, the Board issued its Decision on Review and Order affirming the Acting Regional Director's ruling.

In order to contest the validity of the certification, the Hospital refused to bargain with the Union. In response, the Union filed an unfair labor practice charge with the NLRB, alleging the Hospital had violated §§ 8(a)(1) and 8(a)(5) of the NLRA, 29 U.S.C. §§ 158(a)(1) and 158(a)(5). The General Counsel of the NLRB issued a complaint against the Hospital and moved for summary judgment, which the NLRB granted in May 2018. *Temple University Hospital*, 366 NLRB No. 88 (May 11, 2018). In its Decision and Order, the NLRB did not address anew the Hospital's jurisdictional or certification arguments, stating that "all representation issues raised by the Respondent were or could have been litigated in the prior representation proceeding." *Id*. The Hospital subsequently filed a timely petition for review and the NLRB cross-applied for enforcement of its order.

## II. Analysis

The Hospital raises two issues on appeal: First, whether the NLRB properly asserted jurisdiction over the Hospital and second, whether the NLRB properly granted comity to the PLRB's certification of the technical-professional unit. We do not reach the second issue because we conclude the NLRB erred in arriving at its jurisdictional holding.

The NLRA exempts "any State or political subdivision thereof" from the definition of an "employer" within the jurisdiction of the NLRB. 29 U.S.C § 152(2). In this case, the Union maintains and the NLRB agrees that the Hospital is not a "political subdivision" of the Commonwealth of Pennsylvania, and hence is not exempt from the jurisdiction of the NLRB. The Hospital contends the Union should have been judicially estopped from taking that position before the NLRB because the Union previously "convinc[ed] the PLRB that the [NLRB] lacked jurisdiction" over the Hospital. That is, the Union argued to the PLRB during the representation proceedings in 2005 and 2006 — and implicitly if not explicitly reiterated in the dozens of cases it has brought before the PLRB since then — that the NLRB did not have jurisdiction over the Hospital, and the PLRB agreed; yet, the Union now contends the NLRB does have jurisdiction.

The doctrine of judicial estoppel is that "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position …." *New Hampshire v. Maine*, 532 U.S. at 749. The doctrine "protects the integrity of the judicial process," *Davis v. D.C.*, No. 17-7071, slip op. at 26 (D.C. Cir. June 7, 2019), by "prohibiting parties from deliberately changing positions according to the exigencies of the moment," *New Hampshire*

*v. Maine*, 532 U.S. at 750 (quoting *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993)). The Supreme Court has said there is no "exhaustive formula for determining the applicability of judicial estoppel." *Id*. at 751. Nevertheless, the Court has set forth three key factors that "inform the decision" whether "the balance of equities" favors applying the doctrine in a particular case: (1) whether the party's later position is "clearly inconsistent" with its earlier position; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750-51 (cleaned up).

As a threshold matter, however, one might wonder whether a doctrine known as "judicial" estoppel has force in proceedings before the NLRB, which is an administrative tribunal. Indeed, the Union and the NLRB raise this very question. Although most circuits have applied judicial estoppel in cases where the first proceeding was before an agency, *see Spencer v. Annett Holdings, Inc.*, 757 F.3d 790, 798 (8th Cir. 2014); *Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199, 1210 (10th Cir. 2011); *Trustees in Bankr. of N. Am. Rubber Thread Co. v. United States*, 593 F.3d 1346, 1354 (Fed. Cir. 2010); *Valentine-Johnson v. Roche*, 386 F.3d 800, 811 (6th Cir. 2004); *Detz v. Greiner Indus., Inc.*, 346 F.3d 109, 118–19 (3d Cir. 2003); *King v. Herbert J. Thomas Mem'l Hosp.*, 159 F.3d 192, 198 (4th Cir. 1998); *Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, 78 (1st Cir. 1997); *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 72 (2d Cir. 1997); *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 604 (9th Cir. 1996); *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427 (7th

Cir. 1993), and no circuit has declined to do so, whether a nonjudicial tribunal may itself invoke judicial estoppel appears to be an issue of first impression. *But cf., e.g.*, *Doe v. Dep't of Justice*, 123 M.S.P.R. 90, 94–96 (2015) (doctrine applied by the Merit Systems Protection Board); *In re Time Warner Cable*, 21 FCC Rcd. 9016, 9020 (2006) (doctrine applied by the Federal Communications Commission).

Here, the NLRB held that even "assuming arguendo that the doctrine of judicial estoppel … applies in Board proceedings," the *New Hampshire v. Maine* factors did not counsel applying it in this case. NLRB Order Granting Review in Part and Invitation to File Briefs at 2 n.2. Without addressing the first factor, the Board adopted the Acting Regional Director's conclusion that the second and third factors were not present, and hence declined to apply the doctrine. It explained:

> We agree with the Acting Regional Director's findings that processing the petition will not confer an unfair advantage on the Petitioner or impose an unfair detriment on the Employer; there is no evidence that the Petitioner misled the PLRB, and there is an inadequate basis to believe the PLRB would have reached a different result had the Petitioner taken some contrary position before the PLRB.

*Id.*

On appeal, "heeding the Supreme Court's description of judicial estoppel as 'an equitable doctrine invoked by a court at its discretion,'" we review the decision to invoke (or not to invoke) judicial estoppel for abuse of discretion. *Marshall v. Honeywell Tech. Sys. Inc.*, 828 F.3d 923, 927 (D.C. Cir. 2016) (quoting *New Hampshire v. Maine*, 532 U.S. at 750). At the

same time, we must confine our review to the adequacy of the reasons given by the Board, as "courts may not accept appellate counsel's *post hoc* rationalization for agency action; *Chenery* requires that an agency's discretionary order be upheld, if at all, on the same basis articulated in the order by the agency itself." *Erie Brush & Mfg. Corp. v. NLRB*, 700 F.3d 17, 23 (D.C. Cir. 2012) (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168–69 (1962), and citing *SEC v. Chenery*, 332 U.S. 194, 196 (1947)); *see also DHL Express, Inc. v. NLRB*, 813 F.3d 365, 371 (D.C. Cir. 2016) ("deference is not warranted where the Board fails to adequately explain its reasoning") (cleaned up).

Notwithstanding the discretionary nature of the NLRB's determination whether to invoke judicial estoppel, we must overturn its decision because, as explained below, the agency misapplied the teaching of *New Hampshire v. Maine*.  In so doing, we do not answer the question whether judicial estoppel applies in NLRB proceedings.  The Board merely assumed *arguendo* the doctrine applies.  Having rejected the Board's analysis of the *New Hampshire v. Maine* factors, we think it appropriate for the Board to consider in the first instance whether judicial estoppel is applicable in its proceedings.[†]

---

[†] We here clarify a point to guide the agency's decision on remand: Subsumed within the Board's assumption is the argument, advanced by the Union and by the Acting Regional Director, that the NLRB "will not bar a party … from invoking rights under the [NLRA] based on a position the [party] took in a proceeding in which the [NLRB] was not a party."  Intervenor Br. 12; RD Dec. at 12 ("as the Board was not a party to the prior proceeding, it is not precluded from determining jurisdiction"); *see also* RD Dec. at 8.  The relevant "parties" in the judicial estoppel analysis do not include the forum. Relatedly, to the extent the NLRB has required identity of the parties as a prerequisite for judicial estoppel, it appears to have confused

Although the NLRB did not expressly say so, we agree with the Acting Regional Director that the first factor — whether the Union's current position is "clearly inconsistent" with its earlier position — is obviously present here, as the Board's counsel on appeal appears to concede. *See* RD Dec. at 12; Appellee Br. 42. As the Acting Regional Director put it, "The Hospital is correct that [the Union] argued to the PLRB that the [NLRB] did not have jurisdiction, that the PLRB accepted this argument, and that [the Union] currently contends that the [NLRB] has jurisdiction over the Hospital." RD Dec. at 12.

As for the second factor in *New Hampshire v. Maine* — whether the Union "succeeded in persuading" the prior tribunal — the NLRB was not satisfied because "there is no evidence that the Petitioner misled the PLRB, and there is an inadequate basis to believe the PLRB would have reached a different result had the Petitioner taken some contrary position before the PLRB." NLRB Order Granting Review in Part and Invitation to File Briefs at 2 n.2. This explanation reflects a misunderstanding of the second factor. To begin, nothing in *New Hampshire v. Maine* suggested the party's inconsistent position must be a but-for cause of the first tribunal's decision. New Hampshire and Maine had previously litigated the location of part of the border between them, which had been "fixed in 1740 by decree of King George II of England" as "the Middle of the [Piscataqua] River." 532 U.S. at 746. Because

judicial estoppel with issue preclusion. *See, e.g.*, RD Dec. at 8, 12 (citing *In Re Lincoln Ctr. for the Performing Arts*, 340 NLRB 1100, 1127 (2003)). Judicial estoppel is "a discrete doctrine" serving a different purpose than issue preclusion. *See New Hampshire v. Maine*, 532 U.S. at 748–49. If one party is taking a position inconsistent with its position in a prior proceeding, it matters not whether the adverse party was the same in both proceedings.

12

New Hampshire had agreed in the 1970s that the words "Middle of the River" meant "the middle of the Piscataqua River's main channel of navigation," the Supreme Court judicially estopped it from asserting in 2001 that "the boundary runs along the Maine shore." *Id.* at 745. Notably, the Court did not analyze whether or how New Hampshire's position had affected its decision in the first proceeding; it was enough that the Court had adopted the interpretation urged by New Hampshire. *See id.* at 752.

Similarly, there is no independent requirement of evidence that the party changing its position had actively misled the first tribunal. In *New Hampshire v. Maine* the Court said "judicial acceptance of an inconsistent position in a later proceeding" may itself be enough to "create the perception that either the first or the second court was misled." *Id.* at 750; *see also id.* at 755 ("We cannot interpret 'Middle of the River' in the 1740 decree to mean two different things along the same boundary line without undermining the integrity of the judicial process"). Hence, evidence of deception is not necessary to perfect the Hospital's call for judicial estoppel. Of course, that an inconsistency arose out of "inadvertence or mistake" might be a valid reason for declining to apply judicial estoppel, *see id*. at 753, but the NLRB understandably did not rely upon that possible exception on the facts of this case.

With regard to the third factor, the Hospital argued it had incurred an "unfair detriment" as a consequence of the Union having previously sought the PLRB's jurisdiction because, had it been before the NLRB during prior labor disputes, it might have availed itself of certain legal remedies available under the NLRA but not under the PERA. The Board adopted the Acting Regional Director's conclusion that the unfair detriment alleged by the Hospital was "not the type of detriment or advantage about which the Supreme Court was concerned in

*New Hampshire v. Maine*." RD Dec. at 12. Neither the Acting Regional Director nor the Board gave any explanation of why the Hospital's proffer fell short, nor did they specify what "type" of detriment or advantage would suffice. The NLRB's appellate counsel attempts to clarify that there can be no unfair advantage or detriment because "the Union and Hospital were on the same side, both arguing that the PLRB had jurisdiction." Yet, the same was true in *New Hampshire v. Maine*; during their first litigation over their border, New Hampshire and Maine had agreed upon the meaning of the "Middle of the River." *See* 532 U.S. at 752. We therefore hold the NLRB failed adequately to explain its determination that there was no unfair advantage or detriment here. *See Radio-Television News Directors Ass'n v. FCC*, 184 F.3d 872, 888 (D.C. Cir. 1999) ("There is a fine line between agency reasoning that is so crippled as to be unlawful and action that is potentially lawful but insufficiently or inappropriately explained. Remand is generally appropriate when there is at least a serious possibility that the agency will be able to substantiate its decision given an opportunity to do so.") (cleaned up).

We also reject two other proffered justifications for the Board's decision. First, the Union contends that judicial estoppel applies only to assertions "of fact rather than law or legal theory." Intervenor Br. 11 (quoting *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996)). Second, the Union and the Board argue that "there is an exception to … judicial estoppel when it comes to jurisdictional facts or positions." Intervenor Br. 11 (quoting *Whiting v. Krassner*, 391 F.3d 540, 544 (3d Cir. 2004)); *see* Appellee Br. 40 (citing *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1227–28 (10th Cir. 2011)). Because the Board did not rest its decision on either proposition, however, we cannot sustain its decision on either basis. Moreover, we seriously doubt the correctness of the former, as *New Hampshire v. Maine* itself concerned New

Hampshire's change in position on a legal issue, *viz.*, the proper interpretation of the words "Middle of the River" in the 1740 decree of King George II. 532 U.S. at 746.

Having found the NLRB's analysis of the *New Hampshire v. Maine* factors invalid, nothing remains of its reasons for refusing to apply judicial estoppel. We therefore remand the case for the Board to determine in the first instance whether judicial estoppel is available in NLRB proceedings. If the Board determines that judicial estoppel is available in appropriate circumstances, then under *New Hampshire v. Maine* it will next have to determine — and adequately explain — whether the Hospital has made a sufficient showing of unfair advantage or unfair detriment and whether the ultimate "balance of equities" favors its application on the facts of this case.

### III. Conclusion

For the foregoing reasons, we grant the Hospital's petition for review, deny the Board's cross-application for enforcement, and remand the case to the Board for proceedings consistent with this opinion.

*So ordered.*